UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JOHN T. BLACK, | ) | CASE NO.: C07-1158-TSZ |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| DOUG WADDINGTON, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner John T. Black is a former Washington state prisoner who is currently residing in Colorado. Following a prison term in Washington, petitioner was transferred on January 17, 2007, to Colorado to serve the community custody portion of his sentence. (Doc. #11, Ex. 3). On June 1, 2007, while in Colorado, petitioner was arrested and charged with violating the conditions of his community custody. (Doc. #4, Ex. 2). He was returned to Washington State where he admitted guilt to the violations and agreed to serve 60 days confinement as a sanction, with credit for time served beginning on June 1, 2007. (Doc. #11, Ex. 5 at 2, Ex. 6 at 1).

On July 30, 2007, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. #4). Respondent filed a motion to dismiss the petition for failure to exhaust state court remedies on September 17, 2007. (Doc. #11). Petitioner has not filed a response, although he notified the Clerk on August 17, 2007 that he changed his address. (Doc.

REPORT AND RECOMMENDATION
PAGE -1

#10). Petitioner has apparently been released and is residing once again in Colorado.

In order to present a claim to a federal court for review in a habeas corpus petition, a petitioner must first have presented that claim to the state court. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement has long been recognized as "one of the pillars of federal habeas corpus jurisprudence." *Calderon v. United States Dist. Ct. (Taylor)*, 134 F.3d 981, 984 (9th Cir.) (citations omitted), *cert. denied*, 525 U.S. 920 (1998). Underlying the exhaustion requirement is the principle that, as a matter of comity, state courts must be afforded "the first opportunity to remedy a constitutional violation." *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981).

Here, respondent asserts in his motion to dismiss that petitioner "has not filed any petitions in the Washington state courts raising this claim." (Doc. #11 at 3). Petitioner, because he has not filed a response to the motion, has failed to present any evidence to the contrary. Accordingly, the Court concludes that petitioner failed to exhaust this issue, and respondent's motion to dismiss should be granted. A proposed Order reflecting this recommendation is attached.

DATED this 15th day of October, 2007.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -2